IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH S. THOMAS,<br>   Plaintiff,<br>vs.<br>ARNOLD SCHWARZENEGGER,<br>Governor of the State of California,<br>JAMES E. TILTON, Director of CDCR<br>   Defendant. | No. 2:07-CV-02310 ODW<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

On August 17, 2011 Defendants filed a motion for summary judgment [35]. There has been no opposition. For the reasons stated herein, that motion is denied.   1   .

**PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

In his Second Amended Complaint ("SAC") filed June 20, 2008, Plaintiff complains of over-crowding which he alleges is detrimental to his mental, medical and dental well-being. He acknowledges that the prison has a grievance procedure in place and that he has not utilized the grievance procedure "because defendants have already proven by actions that they will not address this issue anywhere else but in Federal Court . . ." (SAC p. 2 ¶ II. B.) Ordinarily, this could be fatal to Plaintiff's ability to initiate a civil action in federal court. Under the Prison Litigation Reform Act, ("PLRA") 42 U.S.C. §1997e, "No action shall be brought with respect to prison conditions under section 1983 of this title, or

1  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
2  until such administrative remedies as are available are exhausted."
3       As support for his view that he need not resort to administrative remedies prior to
4  filing suit, Plaintiff makes reference in his pleading to other litigation challenging the over-
5  crowed conditions in the California State Prison system.  The court assumes Plaintiff is
6  referring to *Coleman v. Brown* filed in 1990.  *Coleman* was a class action suit brought on
7  behalf of seriously mentally ill persons in California prisons.  The second class action was
8  *Plata v. Brown* filed in 2001. The *Plata* action involved medical care which fell below
9  constitutionally mandated minimum levels.  Both cases attribute the prison system's
10 inability to deliver constitutionally adequate mental health and medical treatment and care
11 to the over-crowded conditions of California's state prisons.
12      Both cases, tried to two different district court judges, reached the same conclusion:
13 the prisons would be unable to adequately address the issues of care of the prisoners until
14 such time as the over-crowding situation was remedied.  In *Coleman* the state stipulated
15 to a consent decree which required it to address the prison conditions.  The state had failed
16 to comply with the injunction five years later.
17      In *Plata* a Special Master was appointed who concluded that over-crowding was at
18 the heart of the prison system's inability to attract and hire sufficient medical staff and the
19 physical facilities were inadequate to address the medical needs of such a large population.
20      It was only after a three-judge court was empaneled and a lengthy trial resulted in
21 an order to reduce the state's prison population to 137.5 percent of design capacity has the
22 state undertaken any measures to remedy the overcrowding.  Even then, it was only after
23 appealing, unsuccessfully, to the United States Supreme Court, See , *Brown v. Plata*, __
24 U.S. __, 131 S.Ct. 1910, 179 L.Ed2d 969.
25      Against that background, it is understandable that Plaintiff concluded that the
26 administrative grievance procedure would not be effective in addressing his complaint.
27 Indeed, orders by federal district judges have previously proven ineffective in achieving a
28 remedy to over-crowding in the prison system.  Moreover, the fact that one class member

had exhausted administrative remedies is sufficient to satisfy the PLRA's exhaustion requirement for another member of the class. *Gates v. Cook,* (5th Cir. 2004) 376 F.3d 323. The fact that one inmate exhausted his administrative remedies with respect to claim at issue at a preliminary injunction hearing regarding an inmates' class action against prison officials regarding prison conditions was sufficient to satisfy exhaustion requirement of PLRA for other class members. *John v. Berge*, W. D. Wis. 2001, 172 F. Supp.2d 1128.

On the merits, state contends that it is entitled to summary judgment because it was not deliberately indifferent to Thomas' conditions of confinement and secondly, the state is entitled to qualified immunity because no constitutional rights have been violated.

2. **THE FACT OF OVER-CROWDING IN CALIFORNIA STATE PRISONS HAS BEEN ESTABLISHED, AS HAS THE FACT THAT THE OVER-CROWDING HAS RESULTED IN CONDITIONS WITHIN THE PRISON WHICH FALL BELOW EIGHTH AMENDMENT STANDARDS.**

Findings made in two separate lawsuits support the assertion that there is severe overcrowding in this state's prisons. "A similar conclusions was reached by the Little Hoover Commission, a bipartisan and independent state body, which stated that '[o]vercrowded conditions inside the prison walls are unsafe for inmates and staff.'" (citation omitted.) Sections 1.A, 1.B and 1.C of the Supreme Court opinion in *Brown v. Plata* describe in shocking detail the conditions prevalent in this state's prisons. There is no need to repeat them here. Suffice it to say that the question of whether there are Eight Amendment violations occasioned by prison overcrowding has been resolved.

A. <u>Defendants cannot make a credible argument they were unaware of the inhumane conditions within the prison and were unable to remedy those conditions</u>.

Section 1983 contains no state-of-mind independent of that necessary to state a violation of the underlying constitutional right" *Daniels v. Williams,* 474 U.S. 327, 329-330. Therefore the inquiry is not whether defendants intended to violate plaintiff's Eighth Amendment, but whether the conditions which were permitted to exist were done either intentionally or with reckless indifference to the health and safety of the prison inmates.

That question cannot be answered in the negative as a matter of law.

The court might infer that with the level of attention surrounding the *Coleman* and *Plata* class action suits, prison officials throughout the state were keenly aware that prison overcrowding was considered by some to be a major contributing factor in the prison system's inability to deliver minimally adequate medical and mental health treatment to prison inmates. It had also been identified as a cause of increased inmate on inmate violence and posed safety concerns to staff as well. It would have been very surprising if defendants were unmindful of either of these two pieces of litigation, the consent decree where the state indicated it would reduce prison population, or the lengthy trial before the three-judge court. In fact, ignorance of these events might even be considered a deliberate indifference to the conditions of those being held in state custody.

The court finds that there is at least a triable issue of fact whether defendants were aware of the conditions within its own prisons and the class action lawsuits filed due to those conditions, and displayed a deliberate indifference to the suffering caused by those conditions..

### B   Defendants Are Not Entitled to Qualified Immunity.

Defendants argue that they violated no constitutional right and their conduct was reasonable. In determining eligibility for qualified immunity this court must first consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendants'] conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001); see also *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007). Second, this court must determine whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201. These are pure legal issues to be decided by the court. *Phillips v. Hust*, 477 F.3d 1070, 1079 (9th Cir. 2007.)

The constitutional violation has been decided and affirmed by the Supreme Court. (See *Brown v. Plata, supra*). Moreover, the effects of the overcrowding spread far beyond those in need of medical treatment. As noted in the *Plata* decision by the Supreme Court:

Even prisoners with no present physical or mental illness may become afflicted, and

all prisoners in California are at risk so long as the State continues to provide inadequate care. Prisoners in the general population will become sick, and will become members of the plaintiff classes, with routine frequency; and overcrowding may prevent the timely diagnosis and care necessary to provide effective treatment and to prevent further spread of disease." *Brown v. Plata,* _U.S._, 131 S.Ct. 1910, 1940 (2010).

Moreover, there has been a concomitant rise in the level of violence in the prisons as well as an increased incidence of suicides and other preventable deaths. *(Id.)* The fact that conditions in the prisons have degraded to inhumane levels is not open to serious debate.

Whether any of these conditions have impacted plaintiff is a question which the court is not in a position to answer on the current state of the record. Even taken in the light most favorable to the party asserting the injury, the court is not now prepared to find as a matter of law that a constitutional violation has been visited upon Plaintiff. As for the second prong of the inquiry, i.e. whether the overcrowding in question violated clearly established right to be free from violations of the Eighth Amendment must await further factual development of the circumstances of plaintiff's incarceration.

In the final analysis, there are factual issues in dispute which preclude summary judgment at this time.

DATED:  September 27, 2011

_____
OTIS D. WRIGHT, II,
DISTRICT JUDGE