IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH S. THOMAS,<br>           Plaintiff,<br>vs.<br><br>ARNOLD SCHWARZENEGGER,<br>Governor of the State of California,<br>JAMES E. TILTON, Director of<br>**COURTS'S CDCR,**<br><br>           Defendant. | No. 2:07-CV-02310 ODW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AFTER RECONSIDERATION ON OWN MOTION PURSUANT TO RULE 60** |

On September 27, 2011 this court entered an Order Denying Defendants motion for summary judgment [38]. One of the grounds upon which the Defendants moved was plaintiff's failure to exhaust his administrative remedies. Plaintiff filed no opposition to the motion.

In his Second Amended Complaint ("SAC") filed June 20, 2008,[14] Plaintiff complains of over-crowding which he alleges is "detrimental to [his] mental and [his] physical well-being due to poor quality medical care. As well as dental care." (SAC p. 3 ¶ IV).

During the October 11, 2 011 Pretrial conference, in which the Plaintiff and counsel for the State of California defendants appeared telephonically, the court was given a clearer understanding of the issues to be tried and the proof Plaintiff intended to offer in support of his claims. Plaintiff made clear that the gravamen of his complaint and his anticipated proof at trial focused on the delay

he had experienced in scheduling a dental appointment. It is unclear to the court how this event is related to alleged overcrowding, if indeed there is overcrowding in the institution Plaintiff is housed.

Among the purposes to be served at the Pretrial Conference is the "formulation and simplifying the issues, and eliminating frivolous claims or defenses." See FRCP Rule 16 (c)(2)(A). Plaintiff acknowledged during the PTC that he himself shares a cell with only one other inmate. He also acknowledged that he has no information on the level at which, if at all, the prison's population exceeds design capacity. In other words, he is not presenting any evidence to support the allegation of overcrowding, if that is indeed a fact. His sole witness will be called upon to testify as to the length of time it had taken for the prison to schedule a dental appointment for Plaintiff. This is certainly of a type of complaint which the institution's grievance procedures are designed to address. Plaintiff's failure to resort to those procedures, is fatal to Plaintiff's ability to initiate and maintain a civil action in federal court.

Under the Prison Litigation Reform Act, ("PLRA") 42 U.S.C. §1997e, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

As support for his view that he need not resort to administrative remedies prior to filing suit, Plaintiff makes reference in his pleading to other litigation challenging the over-crowed conditions in the California State Prison system. The court assumes Plaintiff is referring to *Coleman v. Brown* filed in 1990. *Coleman* was a class action suit brought on behalf of seriously <u>mentally ill</u> persons in California prisons. The second class action was *Plata v. Brown*[1] filed in 2001. The *Plata* action involved <u>medical care</u> which fell below constitutionally mandated minimum levels. Both cases attribute the prison system's inability to deliver constitutionally adequate <u>mental health</u> and <u>medical</u> treatment and care to the over-crowded conditions of California's state prisons. Neither case involved dental care afforded in the state prison system nor the systems ability to schedule reasonably prompt dental appointments.

---

[1]. *Brown v. Plata*, __ U.S. __, 131 S.Ct. 1910, 179 L.Ed2d 969.

1    Neither case involved the claim Plaintiff now brings therefore, even if he had opted out of
2 the Brown or Plata class action suits, the grievances or appeals filed in connection with either of
3 those two cases would not serve to excuse Plaintiff from himself satisfying the PLRA's exhaustion
4 requirements.  Those cases present issues different from those for which Plaintiff seeks redress in
5 this case.  The court finds that in this case, Plaintiff was required to exhaust his administrative
6 remedies.  There is presented to the court no justification for Plaintiff's failure to do so.  Plaintiff's
7 failure to file opposition to the motion for summary judgment will be accepted by the court as
8 consent to the entry of judgment against him.

9    IT IS ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

11 DATED:   October 14, 2011               _____
12                                          OTIS D. WRIGHT, II, DISTRICT JUDGE